DAVID M. GLOVER, Judge
Jameel Raheem was tried by the court and found guilty of the offense of third-degree domestic battering, a Class A misdemeanor. He appeals, contending 1) the trial court violated his Sixth Amendment right to confront a witness against him, Megan Simmons, and 2) without Megan's testimonial hearsay statements, there was no evidence to sustain his conviction, and therefore his conviction should be vacated and the State barred from trying him again. We affirm.
Sergeant Scott Miles responded to a call at a Valero gas station on June 1, 2017, where he found Megan Simmons lying on the ground and in distress. She reported Jameel Raheem, her boyfriend, had hit her legs with the broad side of a machete and had tried to choke her. Raheem was arrested after a machete was found on the floor of a truck registered to him. Dr. Darren Flamik treated Megan after she was transported to the hospital. She told Dr. Flamik that Raheem was the one who had hit her with the flat side of a machete and choked her.
As time for trial approached, it became clear Megan was not willing to testify. Raheem filed a motion in limine to prevent Sergeant Miles and Dr. Flamik from testifying. His motion focused on Confrontation-Clause violations in addition to arguments the testimony did not qualify as hearsay exceptions.
At the outset of the bench trial, Megan was not present, and defense counsel asked the court to address the motion in limine, arguing that none of the hearsay exceptions applied and that not only did those exceptions not apply, but there was also a fundamental constitutional right to confront a witness the State was attempting to evade. The State countered that it was premature for the court to rule on the admissibility of the testimony from Sergeant Miles and Dr. Flamik without hearing the context and substance of the statements. The trial court concluded the State could put the witnesses on, and if there was an objection, defense counsel could make it at that time based upon who the witness was, the time frame, and the circumstances under which it was made.
Sergeant Miles and Dr. Flamik testified about what Megan Simmons told them had happened to her on June 1, 2017. When the State presented Sergeant Miles, defense counsel objected, but strictly on hearsay grounds. No mention was made of the Confrontation Clause. The trial court overruled the objection, concluding that the testimony about what Megan told the officer fell under the excited-utterance exception to the hearsay rule.
Similarly, when Dr. Flamik was testifying about what Megan had told him, defense counsel again objected based on hearsay. The argument focused on Rule 803(4)-statements made for the purpose of medical diagnosis and treatment. No *150 mention was made of the Confrontation Clause. The trial court overruled the objection.
When the State rested, defense counsel moved for a directed verdict, arguing the only testimony indicating Raheem caused injuries to Megan came from hearsay testimony. The trial court denied the motion, and Raheem then testified in his own defense. Defense counsel renewed the motion at the conclusion of Raheem's testimony, and it was again denied.
As his second point of appeal, Raheem challenges the sufficiency of the evidence supporting the verdict. We address this issue first because of double-jeopardy concerns. Drennan v. State , 2018 Ark. 328, 559 S.W.3d 262. We note at the outset Raheem misstates the manner in which our court reviews such challenges. He basically contends that because the testimony of Sergeant Miles and Dr. Flamik should not have been allowed, without it there was not sufficient evidence to establish that he was the assailant. However, in reviewing sufficiency challenges, all the evidence, including that which may have been inadmissible, is considered in the light most favorable to the State. Britt v. State , 2015 Ark. App. 456, 468 S.W.3d 285. We examine all the evidence submitted before we address alleged trial error. Briggs v. State , 2015 Ark. App. 364, 465 S.W.3d 24. We review the evidence in the light most favorable to the State as the prevailing party and affirm if the conviction is supported by substantial evidence. Id. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resort to speculation or conjecture. Id.
Arkansas Code Annotated section 5-26-305 (Supp. 2017) provides in pertinent part:
(a) A person commits domestic battering in the third degree if:
(1) With the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member[.]
Here, Sergeant Miles testified that when he responded to the call on June 1, Megan Simmons was "obviously upset," "crying," "not really walking as she was injured," and he "observed injuries" to her. She had a small cut on her neck, "redness and bruising on the upper portion of her right leg," and some "slight swelling." Megan told the sergeant the injuries to her leg were caused by the broad side of a machete wielded by her boyfriend at the time, Jameel Raheem. She explained he grabbed the machete from his truck when he could not get in her locked car and tried to use it to get in the car. She noticed Raheem becoming more and more aggressive, and she told the sergeant he grabbed her and placed his arm around her neck in a choke position and also grabbed the front of her throat with his hands and applied pressure. He then threw her to the ground and struck her right leg with a dumbbell wrapped in duct tape. Sergeant Miles explained he got the suspect's information and verified it was a domestic case. He remained with Megan, waiting on an ambulance, while other officers went to Raheem's address and made contact with him. One of those officers testified he saw a machete in Raheem's vehicle. Dr. Flamik testified he was working in the emergency department when Megan arrived at the hospital on June 1, and he treated her. He observed the injuries to her right upper and lower leg and the scratches and abrasions around her neck. While Dr. Flamik was taking her history concerning how she had been injured, she told him she had gotten into a verbal altercation with her boyfriend and tried to drive away; he attempted *151 to open her car door with a machete; he then choked her and struck her multiple times with the flat side of the machete on her upper right leg; and then he struck her on the right lower leg with a dumbbell. This evidence is sufficient to support Raheem's conviction for third-degree domestic battery.
Raheem's primary argument on appeal is that the trial court erred in allowing the testimonial hearsay from Sergeant Miles and Dr. Flamik because it violated his Sixth Amendment right to confront the witness against him-Megan Simmons. We do not address this argument because it was not properly preserved for our review. Even though the Confrontation Clause argument was raised in the motion in limine, the trial court did not rule on the motion. Rather, the trial court specifically stated that when the State presented the challenged witnesses, if there was an objection, defense counsel could make it then based upon who the witness was, the time frame, and the circumstances under which it was made. Counsel raised hearsay objections during the testimony of both Sergeant Miles and Dr. Flamik; counsel did not include the Confrontation Clause arguments. In fact, in his post-trial motion for reconsideration, defense counsel candidly acknowledged
4. Defendant objected to the admission of such testimony on the basis that such statements did not meet the legal grounds for hearsay exceptions....
5. The court overruled defendant's objections, and by default, denied defendant's motion in limine, ....
Raheem's motion for reconsideration focused on the Confrontation Clause. It was too late. His confrontation arguments should have been made alongside the hearsay arguments when the witnesses were presented at trial. As our supreme court explained in Massengale v. State , 319 Ark. 743, 746, 894 S.W.2d 594, 595 (1995)
When a motion in limine is filed, a trial judge will usually make one of three rulings. One, he may grant the motion, and the evidence will not be admitted. Two, he may decline to rule on the motion for various reasons.... In that case it is necessary for counsel to make a specific objection during the trial. Brown v. State , 316 Ark. 724, 875 S.W.2d 828 (1994). Third, he may deny the motion. A motion in limine which is denied preserves the issue for appeal and no further objection is required. Ward v. State , 272 Ark. 99, 612 S.W.2d 118 (1981).
(Emphasis added.) Raising the Confrontation Clause argument in a post-trial motion and trying to tie it back to the motion in limine-where it was raised but not ruled upon-is not sufficient to preserve the argument for this court's review on appeal.
Affirmed.
Harrison and Klappenbach, JJ., agree.