Cite as 2021 Ark. App. 8

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-19-973

|  |  |  |
|---|---|---|
| DEBERT MORGAN | | **OPINION DELIVERED:** JANUARY 13, 2021 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-18-367] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## ROBERT J. GLADWIN, Judge

In this no-merit appeal, appellate counsel for Debert Morgan moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k)(1) (2020), alleging that there is no merit to an appeal of Morgan's aggravated-residential-burglary and first-degree-battery convictions. Morgan filed pro se points for reversal, and the State filed a responsive brief. We deny counsel's motion and order rebriefing.

Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each is not a meritorious ground for reversal." The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

*Pettigrew v. State*, 2019 Ark. App. 336, at 2.

Morgan was charged in the Hot Spring County Circuit Court with aggravated assault, aggravated residential burglary, and first-degree battery, and he pled not guilty on January 8, 2019. When the August 29 jury trial began, the circuit court recited the charges against Morgan and stated that Morgan had pled not guilty. Defense counsel asked to approach the bench and stated, "Mr. Morgan has proposed to agree to a plea of thirty [years' imprisonment] in the [Arkansas] Department of Correction on the charges as they stand." The circuit court responded, "No." Because this adverse ruling was not addressed in counsel's no-merit brief, we require rebriefing.

In his brief, counsel also conflates three adverse rulings made during Officer Jack Seely's testimony for the State. Counsel's objections were based on either hearsay or relevance, but counsel addresses only the adverse ruling made during the officer's testimony regarding a second call to police from the Watkins residence. Counsel fails to address the objection and adverse ruling made when Officer Seely described the first time he arrived at the scene and the objection and adverse ruling made when Officer Seely testified that Morgan returned to the Watkins house.

We encourage counsel to review *Anders* and Arkansas Supreme Court Rule 4-3(k) for the requirements of a no-merit brief and to consider that there may be further deficiencies. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. Ark. Sup. Ct. R. 4-2(b)(3) (2020). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Morgan, and he will

have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are filed.

Rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and BROWN, J., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.