Cite as 2021 Ark. App. 143

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-334

|  |  |
|---|---|
| DUWAYNE HARVEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 31, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-19-208]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Duwayne Harvey appeals his conviction by a Garland County Circuit Court jury of one count of theft of property having a value of over $1,000, in violation of Arkansas Code Annotated section 5-36-103(a) (Repl. 2013). His only argument on appeal is that the trial court erred in admitting two Walmart receipts into evidence. We affirm.

At trial, Alex Burgess, a loss-prevention employee for Walmart, testified that he observed Harvey and his wife conceal items in Walmart bags and that he watched Harvey purchase a few smaller items, grab multiple bags, and take those bags to the shopping cart where his wife was located. Burgess stated that he observed the couple place the unpaid items in those bags and attempt to leave the store. After Harvey and his wife passed the last point of sale, Burgess stopped them and took them to his office. Burgess testified that, per Walmart policy, after taking control of stolen merchandise, it is his standard practice to give the

merchandise to a manager to generate a receipt in order to record the items taken and their value. In this case, a receipt was generated, and Burgess reviewed the receipt to verify that it matched the stolen items he had observed Harvey take. In addition to Burgess's testimony and the receipt showing the value of the stolen merchandise, a stolen security camera was later discovered in Harvey's car. A separate receipt was generated for the security camera.

Following Burgess's testimony, the State moved to introduce the two Walmart receipts into evidence as a single exhibit labeled State's exhibit 2. Harvey objected to their admission arguing that Burgess did not lay a proper foundation for the introduction of the exhibit and that it was hearsay. The court overruled the objection and admitted the receipt into evidence. The jury convicted Harvey, and this appeal followed.

The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse a decision regarding the admissibility of evidence absent a manifest abuse of discretion. *E.g.*, *Pace v. State*, 2010 Ark. App. 491, at 3, 375 S.W.3d 751, 754. An abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires a finding that the trial court acted improvidently, thoughtlessly, or without due consideration. *Id.*

Harvey's only point on appeal is that the court erred in admitting the exhibit containing both receipts into evidence. He argues that the receipts were inadmissible hearsay and that the State failed to lay a proper foundation.

First, Harvey argues that the receipts were not properly authenticated. Rule 901 of the Arkansas Rules of Evidence states, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that

2

the matter in question is what its proponent claims." Both Harvey and the State acknowledge that a document can be authenticated by someone other than its creator, as long as the witness has knowledge that the exhibit accurately represents what the proponent claims it represents. Harvey simply contends that Burgess did not have sufficient knowledge to authenticate the receipts. Here, we see no error in the court's finding that Burgess testified to sufficient firsthand knowledge to authenticate the receipts. Burgess described watching Harvey conceal the items and attempt to leave the store with them, he testified that he had observed the unpaid items in the cart, he described the standard procedure for having a manager ring up the items to determine their value, and he testified that he then reviewed the receipt to confirm that it matched the items in the cart. We see no reversible error regarding authentication.

Harvey also claims that the receipts should have been excluded because they were inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801 (2019). Arkansas Rule of Evidence 803(6), commonly known as the business-records exception, allows for the admissibility of evidence that would otherwise be deemed hearsay if it meets the following criteria:

> (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of regularly conducted business, (6) which has a regular practice of recording such information, and (7) all as shown by the testimony of the custodian or other qualified witness.

*Pace v. State*, 2010 Ark. App. 491, at 8, 375 S.W.3d 751, 756.

Again, Harvey's challenge focuses on Burgess's alleged lack of knowledge regarding the receipts, and again we see no reversible error. This case is akin to *Pace*, in which we rejected a

3

similar challenge to the admission of a receipt generated by a store manager to document stolen goods. As in *Pace*, the receipts in question in the present case satisfy the criteria for the business-records exception to the hearsay rule. Mirroring the criteria as listed above, the receipts here were

(1) undisputedly from Walmart;
(2) created by scanning the stolen items;
(3) created immediately after apprehending appellant;
(4) generated by a manager based on first-hand knowledge that Burgess relayed to the manager;
(5) generated pursuant to an established Walmart procedure for determining the value of stolen goods;
(6) generated in the same way that other such receipts are always generated when someone is caught shoplifting; and
(7) testified to by the asset-protection agent responsible and familiar with the process.

We find no abuse of discretion in the court's decision to admit the two receipts into evidence, and we affirm Harvey's conviction.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

4