Cite as 2021 Ark. App. 344

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-973

| | | |
|---|---|---|
| DEBERT MORGAN | APPELLANT | **OPINION DELIVERED** SEPTEMBER 22, 2021 |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-18-367] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

On September 10, 2019, Debert Morgan was convicted in the Hot Spring County Circuit Court of aggravated residential burglary and first-degree battery, and he was sentenced as a habitual offender to thirty-five years' imprisonment. On appeal, Morgan argues that the circuit court erred by overruling his objections based on hearsay and Arkansas Rule of Evidence 404(b) (2019).[1] We affirm.

### I. *Facts*

Morgan was charged on December 26, 2018, with aggravated assault, aggravated residential burglary, and first-degree battery, and he pled not guilty on January 8, 2019. At the August 29 jury trial, Officer Jack Seely of the Malvern Police Department testified that

---

[1]Morgan's counsel initially filed a motion to be relieved and a no-merit brief pursuant to *Anders v. State*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(k) (2019), and Morgan filed pro se points for reversal. On January 13, 2021, this court denied counsel's motion and ordered rebriefing due to counsel's failure to address adverse rulings. *See Morgan v. State*, 2021 Ark. App. 8.

he was working on Christmas Eve and Christmas Day in 2018 when he was called to investigate a possible stabbing at Eddie Watkins's house.

When Seely began to testify about what he was told when he arrived on the scene, defense counsel stated, "Your honor, I'm gonna object to - -." The State interrupted and said, "We're not asking for the truth of the matter. We're just showing why he did what he did." The circuit court overruled the objection, stating,

> Well, it's a premature objection, because I don't know what you're objecting to until it's elicited, and as long as you're only doing what he did as an officer in his investigation, that's fine and you're within your limits under the rule of hearsay that you can get it in.

Seely continued and said that he had been advised an incident had occurred near a vacant mobile home near Third and Oak Streets and that when he arrived in that area, he began looking for possible subjects. He could not find anyone, so he told the police dispatcher that he needed the reporting party to return to the scene and explain. The reporting party was Tamika Cross, and she arrived and said that she had picked up her dad, Lamont Cross, Sr. (Cross), at the intersection of Third and Oak Streets and that she had taken him to the emergency room because he had been stabbed by Morgan. She told Seely that her dad had been at the house at 622 Third Street. Seely said that he then went to the hospital to get written statements.

Seely said that after he got the statements, he went back to the police station to do paperwork and that another call came in from 622 Third Street, Eddie Watkins's house. Defense counsel objected to Seely's testimony and stated, "Your Honor, that has no relevance to this particular case here or the charges themselves." The circuit court overruled the objection as premature. Seely testified that Morgan was back at the Watkins residence

trying to fight with people. Defense counsel objected on the basis of hearsay and argued that the testimony was not relevant. Defense counsel began to argue that Morgan "was not charged with fighting Mr.--," and the circuit court interrupted and asked, "What is your rule of evidence that you're relying upon that would raise an objection to an investigation by an officer?" Defense counsel responded, "Hearsay and 401 4(b) [sic]." The circuit court overruled the objection.

Seely testified that he went back to the residence and talked to Watkins. He said that Watkins was not "open" about what had happened but told him an incident had occurred with Morgan and that "during the second incident," Morgan had left through an alleyway leading north of the house. Seely said that they again searched for Morgan and did not find him.

Sylvia Starline testified that Morgan is her husband. She said that she had been living with Cross, and they went to Watkins's house on the night of the incident. While sitting in the house, she looked up and saw Morgan standing at the door. Morgan told her to come outside, but she did not. Morgan then burst through the door and grabbed her by her hair, put a knife to her throat, and threatened to cut her head off. She said that she was probably scratched by the knife and that it pierced her skin. She said that other people in the room tried to get Morgan off her and that she was eventually able to escape. She ran through the door, went straight to the back of the house, and hid in the closet. She looked out and saw that her husband "had" Cross and that he was swinging a knife and cursing. On cross-examination, she said that she saw Morgan stab Cross.

Watkins testified that he owns the house where the incident occurred. He said he is serving a ninety-day jail sentence for a parole violation and that he has an extensive criminal history. He said that on Christmas Eve 2018, he was cooking for friends. Starline and Cross were sitting and talking in the living room, and he was walking back and forth from the kitchen. He said that when Morgan came in, he saw "tussling" and told them they could not "have that in here." He said that he had not invited Morgan to his house and that Morgan opened the door and was "already" in the living room asking Starline what she was doing there. Watkins said that he saw a skirmish between Morgan and Cross and that Morgan first grabbed Starline by the hair and told her to "come on." Watkins did not see anything in Morgan's hands, and he said that Cross tried to stop Morgan, and that's when they started tussling. He said that the coffee table was turned over, and Cross and Morgan went outside. Watkins never saw a weapon, and it was not until after the incident that he heard Cross had been stabbed. He said that Morgan ran away, and someone called the police.

Cross testified that he is serving time for a parole violation and that he has a prior felony conviction for burglary. He said that he went to Watkins's house on December 24, 2018, and Morgan "burst up in there, grabbed Sylvia by the hair and started punching her and pulling her out the door." He said that Morgan jumped over the table at him, that they were tussling, and that Morgan pulled out a knife and started stabbing him with it. He said that Morgan stabbed him in the back. Cross also said, "He got me across my neck and across my ear." He said that Morgan busted out the door and took off running but that he later came back. Cross said that he did not know he had been stabbed at first, but eventually

his daughter took him to the hospital. Cross said that he "got staples and eleven stitches," that it took a month for him to heal, and that his wound still itches.

Defense counsel moved for a directed verdict on all three charges, and the circuit court denied the motions. The jury found Morgan guilty of aggravated residential burglary and first-degree battery, and he was found not guilty of aggravated assault. The jury was then given evidence of Morgan's seven prior felony convictions, and it recommended a consecutive sentence of twenty-five years for aggravated residential burglary and ten years and a $5,000 fine for first-degree battery. The court accepted the recommendation and sentenced Morgan to an aggregate term of thirty-five years' imprisonment and a $5,000 fine. Morgan filed a timely notice of appeal, and this appeal followed.

II. *Standard of Review and Applicable Law*

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c) (2020). An out-of-court statement is not hearsay if it is offered, not to prove the truth of the matter asserted, but to show the basis of action or course of conduct. *Jemison v. State*, 2019 Ark. App. 475, at 8, 588 S.W.3d 359, 365. "[H]earsay included within hearsay is not excluded . . . if each part of the combined statements conforms with an exception . . . provided in th[e] rules." Ark. R. Evid. 805.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Harvey v. State*, 2021 Ark. App. 143, 619 S.W.3d 902. Specifically, we have stated that an appellate court will not reverse a circuit

court's ruling on a hearsay question unless the appellant can demonstrate an abuse of discretion. *Chatfield v. State*, 2013 Ark. App. 565. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Harvey, supra*. Moreover, an appellate court will not reverse a circuit court's evidentiary ruling absent a showing of prejudice. *Barron-Gonzalez v. State*, 2013 Ark. App. 120, 426 S.W.3d 508.

### III. *Argument*

### A. Hearsay Objection

Morgan argues that the circuit court erred when it overruled as premature his objection to Officer Seely's testimony that the reporting party told him that Morgan had stabbed Cross. He states that a timely objection must be made to preserve an objection on appeal. *See Swaite v. State*, 274 Ark. 154, 623 S.W.2d 176 (1981); *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980); *Robinson v. State*, 278 Ark. 516, 648 S.W.2d 444 (1983). He contends that he objected at the earliest possible opportunity. He argues that the court's ruling—that his objection was premature—was erroneous because "[i]f the trial judge hears it, the jury also hears it." He contends that the purpose of requiring an objection at the first opportunity is to give the circuit court a chance to correct any error, perhaps before any prejudice occurs. *See Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325 (discussing untimely objection to prosecutor's remarks and motion for mistrial). Morgan also cites *Lockhart v. State*, 2017 Ark. 13, at 12–13, 508 S.W.3d 869, 876–77 (Wynne, J., dissenting in part), which relies on *Vance* for the proposition that it is impossible to rectify a mistake made in

statements of counsel or testimony of trial witnesses without an objection as near in time to the applicable statement as possible.

Morgan also argues that Officer Seely's testimony about what the reporting party told him was double hearsay, which is not admissible under Arkansas Rule of Evidence 805. He contends that Officer Seely's testimony was hearsay because it could only be offered for the truth of the matter asserted. He argues that it was not necessary to admit the double hearsay to show why the officer did what he did and that the circuit court violated his right to confront the witnesses against him by allowing the testimony that was irrelevant as to what Officer Seely did. He asserts that the circuit court gave no limiting instruction on the hearsay testimony and that by overruling the objection and stating that the testimony had to be heard before a ruling could be made, the circuit court abused its discretion. He concludes that he was prejudiced by not being able to confront the witness against him and that he received a much harsher sentence.

We hold that the issue is not preserved for appellate review because Morgan's "objection" to Officer Seely's testimony—that the reporting party told him that Morgan had stabbed Cross—was not specific. *E.g.*, *Goins v. State*, 2019 Ark. App. 11, at 7, 568 S.W.3d 300, 304 (arguments not raised below, even constitutional ones, are waived, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial). Further, the objection was never renewed when this testimony was elicited from Officer Seely later in the trial. *Conte v. State*, 2015 Ark. 220, at 29, 463 S.W.3d 686, 704 (a defendant must object at the first

7

opportunity, and he must then renew his objection each time the issue is raised; otherwise, he has waived his argument regarding the issue for appeal).

## B. Objection Based on Rule 404(b)

Morgan claims that the circuit court erred by allowing Officer Seely to testify that he received a phone call from someone stating that Morgan was back at the Watkins residence and trying to start a fight with the people at the house. Morgan's objection was based on hearsay and Arkansas Rule of Evidence 404(b), which states that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*See Hortenberry v. State*, 2017 Ark. 261, 526 S.W.3d 840.

Morgan argues that the Rule 404(b) evidence consists of a hearsay statement from an unnamed person. He asserts that Officer Seely could have testified that he received a call and returned to the Watkins residence. Morgan also argues that he was deprived of the right to confront the witnesses against him as a result of the hearsay admitted over his objection. Ark. Code Ann. § 16-93-307(c)(1) (Repl. 2016) (defendant has right to counsel and to confront and cross-examine adverse witnesses); *see also Nelson v. State*, 2018 Ark. App. 324, 551 S.W.3d 417 (trial error involving Sixth Amendment right to confront adverse witnesses is subject to harmless-error analysis). Accordingly, he claims that the circuit court abused its discretion by admitting the hearsay statement and that he was prejudiced by being sentenced to thirty-five years' imprisonment.

Evidence of other crimes is admissible to show that an offense occurred. *Anderson v. State*, 357 Ark. 180, 163 S.W.3d 333 (2004). It is also admissible if offered to prove some

8

material point other than that the defendant is a criminal. *Dorsey v. State*, 2020 Ark. 316, 607 S.W.3d 485. Admission of hearsay evidence is subject to harmless-error analysis. *Davis v. State*, 2018 Ark. App. 383, 555 S.W.3d 892. A conviction merits affirmance when the evidence of a defendant's guilt is overwhelming, and any error is slight. *Id.*

We agree with the State's contention that even though Morgan was never charged for trying to start a fight outside the residence, this conduct was admissible to show the circumstances surrounding his earlier offense that night. Further, any error on the part of the circuit court in allowing Officer Seely to testify as to the second caller's report was harmless because Watkins testified that Morgan tried to fight people outside his residence and that he left when the police were called.

Finally, Morgan's Confrontation Clause argument is barred. When Morgan objected to Officer Seely's testimony that an unnamed person called him with information that Morgan was back at the Watkins residence "trying to fight with people," he did not assert that he was being deprived of his right to confront the witness against him. Accordingly, this issue is not preserved. *Raheem v. State*, 2018 Ark. App. 620, 566 S.W.3d 148.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.