Cite as 2024 Ark. App. 130

# ARKANSAS COURT OF APPEALS

DIVISIONS III
No. CR-23-103

| | | |
|---|---|---|
| JAMES TERRY | | Opinion Delivered February 21, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE LOGAN |
| V. | | COUNTY CIRCUIT COURT, |
| | | SOUTHERN DISTRICT |
| STATE OF ARKANSAS | | [NO. 42BCR-21-90] |
| | | |
| | APPELLEE | HONORABLE JERRY DON RAMEY, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

A Logan County jury convicted appellant James Terry of one count each of trafficking a controlled substance, simultaneously possessing drugs and a firearm, maintaining a drug premises, possessing a firearm as a felon, and two counts of possessing drug paraphernalia. As a habitual offender, he received concurrent sentences totaling forty years' imprisonment. On appeal, he challenges the sufficiency of the evidence and argues that the court abused its discretion in denying his motion in limine to exclude certain evidence. We affirm.

On June 18, 2021, a team of officers conducted a search of Terry's home. The search stemmed from a different investigation concerning theft from the City of Booneville's street department garage. During that investigation, in plain sight on the kitchen table, officers found a white crystal substance that led the team to obtain a secondary search warrant for

narcotics. Once the warrant was obtained, officers cleared Terry from the residence and began to search in his bedroom. There were several glass pipes of the type commonly used to smoke methamphetamine inside the bedroom as well as a set of digital scales, unused plastic bags, and used plastic bags containing particles of a white substance. All of the methamphetamine was found in plastic bags or heat-sealed bags. In total, over three pounds of methamphetamine was seized. Rifles were also found in the house and $16,078 in cash.

A three-day jury trial was held in August 2022. Prior to testimony and not in the presence of the jury, the court considered Terry's motion in limine to exclude certain evidence. Terry sought to exclude evidence submitted to the Arkansas State Crime Laboratory for testing because the crime lab tested only one of the items of evidence, which was a bag of 209.7 grams of methamphetamine. He sought to exclude eleven other plastic bags containing the substance as well as a digital scale and a purse that contained residue and held two plastic bags. Terry argued that the substances were found separate from each other throughout the house, and there was nothing tying all the evidence together. He contended that this required one to speculate as to whether it is the same substance as the one tested.

The court found that all the items were relevant under Arkansas Rules of Evidence 401, 402, and 403, especially as to the elements of the trafficking charge, and that any prejudice was outweighed by the probative value of the evidence. In denying the motion, the court also stated it is a credibility issue that Terry could address with the witnesses as it came up.

The team of officers who testified at the jury trial consisted of Cody Smith, investigator for the Booneville Police Department; Lieutenant Keith Lunsford with the Logan County Sherrif's office; Billy Alvey, a drug task force agent; Justin Shackleford, an officer with the Booneville Police Department; and Howard Bates, a narcotics investigator in Logan County. All testified that, given their varied years of experience, they identified the substance found as methamphetamine. Smith testified that "everywhere you turned and looked, you were finding some sort of paraphernalia, or some sort of narcotics"; money was found in all parts of the bedroom and multiple guns were found.

Lunsford testified this was the largest amount of methamphetamine he had ever seized. Alvey testified that the residence was previously under surveillance because he had previously conducted a controlled buy at the residence. Bates identified all the items seized and testified regarding the chain of custody of those items, confirming they were in the same condition as when they originally were seized. He confirmed that Terry's wallet and ID were found in the bedroom and that the bed in that bedroom was the only bed in the house. Bates further testified that he took Terry's Mirandized statement in an interview, and it was played for the jury. In the interview, Bates told Terry officers seized 3.19 pounds of methamphetamine. Terry admitted he had bought only one pound but denied knowing how the remainder ended up in his house. Terry also offered to make a deal with the police by giving them the name of his supplier from Oklahoma.

Candice Foscue, a forensic chemist with the crime lab, testified as an expert in forensic chemistry. She testified that the lab currently has a large backlog, so it is standard

procedure to test evidence to support only the highest possible charge in the case. She explained that the goal is to help speed up the testing process. Foscue testified that she chose to test the heaviest bag of white crystalline substance, which revealed that the substance was methamphetamine and a common cutting agent. Her report was admitted into evidence. She testified that the other bags were visually similar to the bag she tested that contained methamphetamine, and there was a combined gross weight of 405.7 grams.

Terry stipulated that he is prohibited from possessing a firearm and that he had previously been convicted of being a felon in possession of a firearm. Terry moved for a directed verdict as to all charges, and after hearing the State's response, the circuit court denied the motion as to all charges. Terry did not call any witnesses and renewed his motion for a directed verdict, which was again denied. The jury convicted Terry of all the charges.

As his second point of appeal, Terry challenges the sufficiency of the evidence supporting the verdict. We address this issue first because of double-jeopardy concerns. *Drennan v. State*, 2018 Ark. 328, 559 S.W.3d 262. In reviewing sufficiency challenges, all the evidence, including that which may have been inadmissible, is considered in the light most favorable to the State. *Britt v. State*, 2015 Ark. App. 456, 468 S.W.3d 285. We examine all the evidence submitted before we address alleged trial error. *Briggs v. State*, 2015 Ark. App. 364, 465 S.W.3d 24. We will affirm if the conviction is supported by substantial evidence. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Raheem v. State*, 2018 Ark. App. 620, at 3–4, 566 S.W.3d 148, 150.

4

On appeal, Terry argues that the introduction and presentation of the untested methamphetamine should result in a reversal of all convictions entered in this matter. He contends there was no indication whether the jury convicted him on the untested controlled substances or the crime-lab submission that was tested. Additionally, Terry notes that the crime lab never tested the drug-paraphernalia items.

Arkansas Rule of Criminal Procedure 33.1(a) (2023) requires a criminal defendant in a jury trial to move for a directed verdict at the close of the prosecution's case and at the close of all the evidence. The rule is strictly construed, and in order to preserve a challenge to the sufficiency, an appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. *Hayes v. State*, 2020 Ark. 297. The reason underlying the requirement that specific grounds be stated and that the absent proof be pinpointed is that it gives the circuit court the option of either granting the motion or, if justice requires, allowing the State to reopen its case and supply the missing proof. *Id.* A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Id.*

Terry's directed-verdict motions below generally challenge intent concerning some of the charges or simply stated, "The State has not made a prima facia case." Not only were Terry's motions too vague, but he also changed the focus of his argument on appeal. An appellant cannot enlarge or change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Burns v. State*, 2023 Ark. App. 309, at 8, 668 S.W.3d 566, 568. All arguments made below but not raised on appeal are

5

abandoned. *Id.* Accordingly, Terry failed to preserve a challenge to the sufficiency of the evidence for our review.

Terry's other point on appeal is that the court abused its discretion in denying his motion in limine and allowing Foscue's testimony concerning his visual identification of the white powder as methamphetamine to be admitted. He argues it was more prejudicial than probative to allow the jury to consider the untested items as evidence against him.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and an appellate court will not reverse that decision absent a manifest abuse of discretion. *Chatmon v. State*, 2015 Ark. 28, at 10, 467 S.W.3d 731, 737. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401 (2022). Though all relevant evidence is admissible, even relevant evidence can be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. *See* Ark. R. Evid. 402, 403. The circuit court's evidentiary rulings will not be reversed absent an abuse of discretion and a showing of prejudice. *Walton v. State*, 2023 Ark. App. 409, at 7, 677 S.W.3d 216, 221.

Here, several experienced law enforcement officers testified that the substances in the plastic bags all appeared to be methamphetamine. Additionally, Foscue testified that the substances in the other bags were visually similar to the tested bag. Our courts have held that the State does not have to use chemical analysis to prove the identity of a controlled substance and that circumstantial proof can satisfy the State's burden. *Kellensworth v. State*,

2021 Ark. 5, at 4, 614 S.W.3d 804, 807. Moreover, Terry admitted he had purchased a pound of methamphetamine, and the chemical analysis of the one package tested showed that it contained a little less than half of a pound. Under these circumstances, evidence concerning the untested bags was relevant and admissible, and its relevance was not outweighed by any possible prejudice.

Affirmed.

HARRISON, C.J., and WOOD, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.