Cite as 2026 Ark. App. 264

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-25-152

| | |
|---|---|
| TONY BOYKINS | Opinion Delivered April 29, 2026 |
| APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CR-11-445] |
| STATE OF ARKANSAS | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## WENDY SCHOLTENS WOOD, Judge

Tony Boykins appeals the Jefferson County Circuit Court's order denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. On appeal, he argues that trial counsel was ineffective for failing to (1) adequately advise him of the ramifications of not testifying at trial; (2) advise him that there was a police dash-cam video of another suspect at the scene of the crime on the day of the murder; (3) effectively cross-examine witnesses; and (4) call crime-scene witnesses who would have exonerated him. We affirm.

On July 27, 2011, Boykins shot and killed Brian Keith Smith with a handgun during a physical altercation between Smith and Boykins's brother, Terrell. Boykins was charged in the Jefferson County Circuit Court with first-degree murder and possession of a firearm by certain persons. Boykins was found guilty of first-degree murder and sentenced

to forty years' imprisonment in the Arkansas Division of Correction for the murder and given a ten-year enhancement for the use of a firearm. He appealed the conviction, and this court affirmed on September 4, 2013. *Boykins v. State*, 2013 Ark. App. 463.

Boykins filed a timely, verified petition for postconviction relief pursuant to Rule 37 on November 4, 2013, and a verified amended petition on August 26, 2014, making the same four arguments he brings on appeal. Because Boykins's trial counsel, Greg Robinson, was ill and could not physically appear to testify at a hearing, Robinson and Boykins were deposed. Boykins filed a motion for a ruling on the pleadings and submitted the transcripts of the deposition testimony as the only evidence for consideration. The circuit court entered an order noting that the transcripts did not appear complete and directed the parties to amend them and to file memoranda in support of their respective positions on the Rule 37 petition. After neither party filed either an amendment or memorandum, the court entered an order on November 14, 2024, dismissing Boykins's petition with prejudice:

> Boykins's allegations are without factual support. No supporting testimony was provided referencing who should have been called to testify at the jury trial, what that testimony would have been, or how it would cast a reasonable doubt that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. Mere allegations are insufficient to overcome the presumption that counsel is effective. *Lane v. State*, 2019 Ark. 5, 564 S.W.3d 524.

> Petitioner has failed to meet the *Strickland* standards and is not entitled to relief.

Boykins appealed.

We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Johnson v. State*, 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id.*, 534 S.W.3d at 146. In reviewing a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, we look at the totality of the evidence to determine whether the circuit court clearly erred. *McClure v. State*, 2024 Ark. App. 487, at 6, 698 S.W.3d 698, 703.

The benchmark question to be resolved in judging an ineffective-assistance-of-counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, at 2, 427 S.W.3d 626, 631. We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.*, 427 S.W.3d at 631. Under the *Strickland* test, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense to the extent that the petitioner was deprived of a fair trial. *Id.*, 427 S.W.3d at 631. A petitioner must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *Morgan v. State*, 2023 Ark. App. 238, at 6, 666 S.W.3d 161, 166.

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner

by the Sixth Amendment to the United States Constitution. *Id.*, 666 S.W.3d at 166. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*, 666 S.W.3d at 166.

To meet the second prong of the test, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87, at 4. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Hartman v. State*, 2017 Ark. 7, at 3, 508 S.W.3d 28, 31.

Boykins first argues that the circuit court clearly erred in denying his Rule 37 petition because Robinson failed to adequately advise him of the ramifications of not testifying at trial. Boykins claims that Robinson testified in his deposition that he was not sure if he had spoken with Boykins about his right to testify or not testify. Robinson said in his deposition that he could not remember advising Boykins of his right not to testify—the trial occurred in 2012—but he said that he presumably did "because I can't imagine talking to a client and not explaining that right to him."

The trial record confirms that Robinson did advise Boykins of the right to testify in open court:

ROBINSON: The other thing we've talked about ever since I've become your lawyer, Tony, is whether or not you would testify at your own trial. We've talked about that several times, haven't we?

BOYKINS: Yes, we have.

. . . .

ROBINSON: Have you made a decision on whether or not you want to testify at your own trial?

BOYKINS: Yes, sir.

ROBINSON: Do you want to testify today?

BOYKINS: No, sir.

ROBINSON: Will you say that again?

BOYKINS: No, sir.

ROBINSON: And that's your decision based on what you know about the case?

BOYKINS: Yes, sir.

ROBINSON: And it was freely and voluntarily made. Nobody's offering you anything for not testifying?

BOYKINS: No, sir.

Further, Boykins's own deposition testimony confirms that Robinson advised him about testifying. Boykins testified that Robinson advised him not to take the stand due to Boykins's criminal history: Boykins said that, when he was seventeen, he "shot a guy."

On this record Boykins was clearly advised by his trial counsel of his right to testify or not to testify. To the extent that Boykins contends Robinson's advice affected his decision, the advice was simply a matter of reasonable trial strategy, which is not a ground

5

for ineffective assistance of counsel. *Walden v. State*, 2016 Ark. 306, at 6, 498 S.W.3d 725, 730.

Moreover, even assuming error on the part of Robinson, Boykins has failed to demonstrate prejudice in light of the overwhelming evidence of his guilt. The trial record reflects that four witnesses testified that they saw Boykins shoot Smith. *Boykins*, 2013 Ark. App. 463, at 7. As such, Boykins has failed to show that the outcome of his trial would have been different had he testified that he did not shoot Smith.

Boykins also argues that the circuit court clearly erred in denying his Rule 37 petition because Robinson failed to advise Boykins that there was a police dash-cam video of another suspect at the scene of the crime at the time of the murder. Robinson testified that he remembered cross-examining witnesses about the presence of a man in red at the scene on the basis of dash-cam footage. The record transcript of the trial confirms this. The record also reflects that Robinson used a still photograph from the dash-cam video during his cross-examination at trial. Robinson also testified in his deposition that he would have shown the footage to Boykins if he had it. On this evidence, it is clear that Boykins was aware of the dash-cam video. Conclusory allegations to the contrary that are unsupported by facts do not provide a basis for an evidentiary hearing or postconviction relief. *Henington v. State*, 2012 Ark. 181, at 6, 403 S.W.3d 55, 60.

To the extent Boykins complains of Robinson's use or lack of use of the dash-cam video, we have repeatedly held that matters of trial strategy, even if the strategy proves improvident, are not grounds for granting postconviction relief. *Robinson v. State*, 2014

6

Ark. 310, at 7, 439 S.W.3d 32, 39. Finally, as stated above, there were four eyewitnesses who testified that Boykins shot the victim. Boykins has failed to present any reason that Robinson's failure with regard to the dash-cam video, if there was a failure, prejudiced him.

Next, Boykins contends that the circuit court clearly erred in denying his Rule 37 petition because Robinson failed to effectively cross-examine witnesses, specifically arguing that he was prejudiced because a suspect known to the prosecution was not "brought in and made known to him or the jury." The trial record demonstrates that Robinson did in fact cross-examine witnesses about a potential suspect. Further, Robinson testified that his cross-examination at trial was restricted by the circuit court because Boykins's brother, Terrell, who could have testified to the matter, decided not to testify on the morning of trial. This court affirmed the circuit court's restriction. *Boykins*, 2013 Ark. App. 463, at 1. Therefore, the circuit court did not err in finding that Robinson's performance was not deficient. Moreover, Boykins does not explain how he was prejudiced. Four witnesses testified that they saw Boykins shoot the victim. Accordingly, Boykins has failed to show that more vigorous cross-examinations of witnesses would have altered the outcome of the trial.

Finally, Boykins argues that the circuit court clearly erred in denying his Rule 37 petition because Robinson failed to call witnesses—specifically, his brother Terrell—who were present at the crime scene and would have exonerated him. First, with regard to Terrell, Robinson's deposition testimony is clear that he had spoken with Terrell (and Boykins's mother) multiple times and had planned to call Terrell as a witness. On the

7

morning of trial, Terrell refused to testify. Although Robinson could have called Terrell as a hostile witness, his decision not to do so was a strategic trial decision. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Sartin v. State*, 2012 Ark. 155, at 2, 400 S.W.3d 694, 696. We conclude that counsel's strategy was reasonable given the particular circumstances presented. The fact that the strategy was unsuccessful does not render counsel's assistance ineffective. *Green v. State*, 2020 Ark. App. 130, at 15, 595 S.W.3d 423, 434.

Second, Boykins does not provide the names of any additional witnesses or explain the substance of the testimony they would have provided. When a petitioner alleges ineffective assistance of counsel for failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Wertz v. State*, 2014 Ark. 240, at 4, 434 S.W.3d 895, 900 (citing *Moten v. State*, 2013 Ark. 503). To demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Joyner v. State*, 2021 Ark. 78, at 5, 621 S.W.3d 124, 129. Boykins has failed to do this.

In sum, because the alleged deficiencies claimed by Boykins amount to no error or to trial strategy, or because Boykins failed to show that the verdict would have been

different, he has failed to meet his burden to obtain Rule 37 relief on the basis of ineffective assistance of counsel. Accordingly, we affirm.

Affirmed.

THYER and BROWN, JJ., agree.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.