Cite as 2024 Ark. App. 487

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-23-206

| | |
|---|---|
| RICHARD JEROME MCCLURE, JR. | **Opinion Delivered** October 9, 2024 |
| APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-22-7] |
| V. | |
| | HONORABLE BLAKE BATSON, JUDGE |
| STATE OF ARKNSAS | |
| APPELLEE | AFFIRMED |

## RITA W. GRUBER, Judge

Richard McClure was convicted on his guilty plea to one count of simultaneous possession of drugs and firearms, a Class Y felony; two counts of possession of methamphetamine or cocaine with purpose to deliver, Class B felonies; and one count of possession of a firearm by a felon, a Class B felony. In exchange for his guilty plea, the State nolle prossed one count of manufacturing a controlled substance in a drug-free zone and one count of possession of a Schedule VI controlled substance. In the case before us, Mr. McClure brings a pro se appeal from the circuit court's denial of his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. He contends that the circuit court erred by denying his ineffective-assistance-of-counsel claims. We affirm.

The circuit court's initial sentencing order included a scrivener's error imposing a term of 180 months' imprisonment for the felon-in-possession-of-a-firearm conviction. An

amended order corrected the error. It reflects that Mr. McClure was sentenced to the Arkansas Division of Correction for concurrent sentences of 180 months for the drugs-and-firearms count; 180 months for one count of possession with purpose to deliver and 120 months for the second count; and 120 months for the felon-in-possession-of-a-firearm count.

Mr. McClure's Rule 37 allegations of ineffective assistance of counsel were based on his misunderstanding of the plea agreement and his belief that his attorney failed to use certain information in plea negotiations, which Mr. McClure had provided to the Drug Task Force. He also claimed that he was subjected to an unconstitutional search and seizure in his home, that his confession was coerced, and that he was denied a fair and impartial trial because some of his motions were denied when he was not present in court. The State responded to the petition. The State also filed a supplemental response that included a transcript of the plea hearing in which Mr. McClure answered affirmatively when the court asked if he was satisfied with his attorney.

In an amended petition, Mr. McClure alleged that his counsel was ineffective for failing to (1) assert a statutory defense to the charge of simultaneous possession of drugs and firearms, (2) object during sentencing to the charge of felon in possession of a firearm, (3) file a suppression motion regarding the search of his home, (4) challenge evidence of the firearm-related charges, and (5) use Arkansas Code Annotated section 16-93-609(b)(1)(2) (Supp. 2021) to prove that he had "no prior violent felony for the [felon-in-possession-of-a-firearm charge] to become" a Class B felony. He also claimed as grounds for relief that his confession was coerced, he was subjected to double jeopardy by being charged with both

2

simultaneous possession and felon in possession, and evidence should have been excluded because the search of his home was unconstitutional and neither the gun nor drugs were in his possession.

The circuit court conducted a hearing on McClure's Rule 37 petition. The court orally denied the petition at the hearing's conclusion and entered its written order on March 22, 2023. On order of remand from our court, the circuit court filed a July 27, 2023 amended order with detailed findings of fact and conclusions of law.

I. *Amended Order Denying McClure's Rule 37 Petition and Amended Rule 37 Petition*

In the amended order, the circuit found that McClure (1) entered a voluntary plea of guilty to the charges; (2) was charged, pleaded guilty, and was sentenced as a habitual offender; and (3) had assistance of counsel during the entirety of the criminal proceedings. The court noted that the amended sentencing order had corrected the original sentencing order's error that stated McClure received a 180-month sentence on the felon-in-possession-of-a-firearm charge. The court also noted that McClure made numerous attacks on evidence in this case, which the court summarily denied as collateral attacks on the evidence subsequent to his voluntary plea and having no bearing on the claim of ineffective assistance of counsel. The court recounted McClure's claim that he was denied effective assistance of counsel regarding the possession-of-a-firearm charge because his attorney misinformed him that the count was a D felony and did not correctly inform him it was a B felony, subject to 100 percent of the sentence imposed.

The court found that Mr. McClure had signed the negotiated plea agreement[1] and that it was read into the record and verified by Mr. McClure in court; that the plea statement indicated the felon-in-possession charge was a Class D felony but contained the sentencing range for a Class B felony; and that when the circuit court read the felon-in-possession charge as a Class B felony at the plea hearing, Mr. McClure stated he understood the charge and penalty and that he was guilty as charged. The court also found that it had instructed Mr. McClure at his plea hearing of the rights he was waiving by his plea, including his right to trial and to call witnesses. It found that Mr. McClure's attorney provided testimony that she routinely reviews the plea statement that the State provides to defendants "along with a statement in advance to ensure the accused understands his rights" and that she had done so with Mr. McClure; and that she indicated she believed he understood the plea agreement and sentence imposed before accepting the State's plea agreement.

The circuit court noted the standard of review for denial of a petitioner's claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The court concluded, "McClure was aware of the plea agreement and the sentence he received, reviewed with his attorney," and "therefore his voluntary plea is presumptive for effective assistance of counsel." The court noted that Mr. McClure responded affirmatively when the court asked him if he was satisfied with his attorney and that Mr. McClure "did not object to his attorney during his voluntary plea." The court concluded that Mr. McClure entered a

---

[1]The negotiated plea agreement shows the possession-of-a-firearm charge as a Class B felony.

voluntary plea of guilt after signing two documents—the plea statement and the negotiated plea agreement—and after "examination by the court as to the sentence classification and punishment, and the actual sentence to be imposed, indicating that he is guilty." Therefore, the court determined that Mr. McClure's counsel did not fall below the *Strickland* standard for effective assistance and that she provided effective assistance throughout the case.

## II. *Analysis*

Mr. McClure first argues on appeal that the circuit court "refused to investigate the entire 37.1, amend 37.1." Because this argument was not made to the circuit court, we will not address this argument. *See Braud v. State*, 2022 Ark. 169, at 3 (stating that the appellate court will not consider arguments raised for the first time on appeal). Mr. McClure also contends that the circuit court "refused to investigate . . . additional claims to his petition," several of which relate to his ineffective-assistance claim relative to the charge of possession of firearm by a felon.

## A. Felon-in-Possession Charge

Mr. McClure now repeats his claim to the circuit court that he was denied effective assistance of counsel regarding the felon-in-possession charge because his attorney advised him the count was a D felony, not that it was a B felony subject to 100 percent of the sentence imposed. He claims that he would not have entered the plea had he known these facts. He also complains that his attorney did not inform the court of this. We will not address the latter argument because Mr. McClure presents no citation to authority or convincing

5

argument in its support, nor is it apparent without further research that the argument is well taken. *Wooten v. State*, 351 Ark. 241, 248, 91 S.W.3d 63, 67 (2002).

When reviewing a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, we follow the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner claiming ineffective assistance of counsel must show that counsel's conduct "fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense." *Polivka v. State*, 2010 Ark. 152, at 8, 362 S.W.3d 918, 924. Our review of a defense counsel's performance is highly deferential, and a strong presumption exists that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* In order to prove an ineffective-assistance-of-counsel claim, the defendant must make allegations substantiated with factual support; the allegations may not be conclusory. 2010 Ark. 152, at 8, 362 S.W.3d at 924–25.

We will not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Polivka*, 2010 Ark. 152, at 4, 362 S.W.3d at 923. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* In reviewing a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, we look to whether the circuit court clearly erred on the basis of the totality of the evidence. *Id.* There are only two issues for review on appeal from the denial of a Rule 37 petition following a guilty plea—whether the guilty plea was "intelligently and voluntarily entered" and whether it was made "on the advice of competent

counsel." 2010 Ark. 152, at 5, 362 S.W.3d at 923. The petitioner must demonstrate that counsel's deficient performance prejudiced the defense to such an extent that the petitioner was deprived of a fair trial. *Williams v. State*, 2018 Ark. App. 434, at 4, 559 S.W.3d 297, 300.

Mr. McClure admitted at the hearing on his petitions that he previously had been convicted of second-degree domestic battering, a felony that the prosecutor noted involves causing physical injury to another person. *See* Ark. Code Ann. § 5-26-304 (Supp. 2021) (causing physical injury to a family or household member as an element of the crime). Being a felon in possession of a firearm is a Class B felony if the person has a prior violent felony conviction. Ark Code Ann. § 5-73-103(c)(1)(A) (Supp. 2021). For purposes of that statute, "prior violent felony conviction" includes a conviction of an offense containing as an element of the offense the infliction of physical harm. Ark. Code Ann. § 5-73-101(13) (Supp. 2021). Under Arkansas Code Annotated § 16-93-609(c) (Supp. 2021), a person who violated section 5-73-103(c)(1)(A) is not eligible for parole.

As previously recited in this opinion, the court found that Mr. McClure was instructed at his plea hearing that he was waiving rights, including the right to a trial and to call witnesses. The court also found that his attorney provided testimony that she routinely reviews the plea statement provided by State to defendants "along with a statement in advance to ensure the accused understands his rights," and she had done so with Mr. McClure; and that she indicated she believed he understood the plea agreement and sentence imposed before accepting the State's plea agreement.

Although the plea statement erroneously designated the felon-in-possession count as a Class D felony rather than Class B, it listed the correct sentencing range for a Class B felony. Additionally, the negotiated plea agreement listed the count as a Class B felony; Mr. McClure answered "guilty" when the court asked at the plea hearing how he was pleading to the Class B felony punishable by imprisonment of five to thirty years; he expressed satisfaction with his attorney's services; and the court informed him of the rights he was giving up by entering the plea.

In addition to the felon-in-possession charge, McClure pleaded guilty to one count of simultaneous possession of drugs and firearms, a Class Y felony; and two counts of possession of methamphetamine or cocaine with purpose to deliver, Class B felonies. The Class Y felony carried a possible sentence of sixty years to life, and the Class B felonies had possible sentences of five to thirty years. The State nolle prossed a misdemeanor charge and a count of committing his offenses within one thousand feet of a drug-free zone under Arkansas Code Annotated section 5-64-411 (Repl. 2016), with a requirement of imprisonment for another ten years without early release or parole. Finally, Mr. McClure noted on his plea statement that his attorney had not represented to him that he would be released from confinement before serving the actual sentence. Under these circumstances, the circuit court's determination that Mr. McClure entered his plea intelligently and voluntarily and that he did not receive ineffective assistance was not clearly erroneous. *See Strickland*, *supra*.

B.  Counsel's Failure to File a Motion to Suppress or Advise Him
of the Defense of His Charges

Mr. McClure contends on appeal that his counsel was ineffective because she failed to move to suppress evidence that was seized from his home in an unjustifiable and nonconsensual entry of the property, thus violating the Fourth Amendment. He argues that he was prejudiced by counsel's performance and that the evidence should have been suppressed, and counsel was ineffective for failing to advise him about this. His contentions that the evidence against him would have been suppressed and that the State could not have proved its case against him are speculative and conclusory at best and thus afford no basis for relief. *Polivka*, 2010 Ark. 152, at 8, 362 S.W.3d at 925.

Mr. McClure's contention that the search would not be upheld because his young son answered the door ignores the fact that Mr. McClure was a parolee who had a search waiver on file and a past conviction for possession of a controlled substance. Additionally, a probable-cause affidavit contained information from a reliable confidential informant that Mr. McClure was distributing crack cocaine on a regular basis to people in Clark County. It is clear from the probable-cause affidavit that the State had sufficient evidence to take him to trial on the charges.

Moreover, Mr. McClure's attorney asked the circuit court to rely on the probable-cause affidavit to support his guilty plea, Mr. McClure affirmed to the court that his attorney had reviewed the affidavit with him, and Mr. McClure affirmed that he was asking the court to accept the affidavit as the factual basis for his guilty plea. Thus, he admitted the factual

bases of the charges when he entered his guilty plea. Additionally, he waived his right to contest evidence against him when he entered his guilty plea. *See* Ark. R. Crim P. 24.4 (requiring the court to inform a defendant that entering a guilty plea waives the rights to trial by jury and to be confronted with the witnesses against him). Under these circumstances, the circuit court's conclusion that McClure's plea was intelligently and voluntarily made and that he received effective assistance of counsel was not clearly erroneous.

## C. Fair and Impartial Trial

Finally, Mr. McClure asserts that he "would not have a fair and impartial trial" because he filed several motions that were denied, including motions for the court to recuse itself and for a change of venue. It is not clear whether he intends this argument to support his contention of ineffective assistance of counsel. In any event, Mr. McClure's allegations in his Rule 37 petition were conclusory, and we will not address this new argument on appeal. *Bryant v. State*, 2013 Ark. 305, at 3, 429 S.W.3d 193, 197. As we previously noted, Arkansas Rule of Criminal Procedure 24.4 requires the court to inform a defendant who enters a guilty plea that he waives the rights to trial by jury and to be confronted with the witnesses against him. The court did so in this case. Under these circumstances, his argument has no merit.

## III. *Conclusion*

For the reasons outlined above, we affirm the circuit court's denial of Mr. McClure's Rule 37 petition for postconviction relief and his claim for ineffective assistance of counsel.

Affirmed.

HARRISON, C.J., and THYER, J., agree.

*Richard McClure*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.