Cite as 2026 Ark. App. 200

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-19

| | |
|---|---|
| TOM BUCK STEELE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered April 1, 2026<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-12-34]<br><br>HONORABLE MARGARET DOBSON, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

A Hot Spring County Circuit Court jury convicted appellant Tom Buck Steele of twenty counts of possessing or viewing matter depicting sexually explicit conduct involving a child. He was sentenced to an aggregate terms of 164 years' imprisonment and a $56,000 fine; his convictions were affirmed on appeal. *See Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. This appeal stems from the circuit court's denial of Steele's subsequent Rule 37 petition for postconviction relief. We affirm.

### I. *Background Facts*

On September 15, 2011, Agent Wes Baxter in the Cyber Crimes Division of the Arkansas Attorney General's Office determined that the IP address associated with a computer containing child pornography was registered to Steele at his home address in Malvern, Arkansas. A search warrant was obtained, which was executed on October 9, 2011,

and Baxter along with local law enforcement officers entered Steele's residence and found two computers in Steele's bedroom. In his police statement, Steele acknowledged he owned both computers but stated that he only used the Dell computer, not the Sony. Steele also told law enforcement that that his nine-year-old son lived with him; that his ex-wife had a key to his home; that his adult son "probably" knew the passwords to the Sony computer; and that he recalled updating the antivirus software on the Sony computer approximately one month earlier. Steele told the officers that he worked in nuclear medicine at a hospital, that his hours were 6:30 a.m. to 3:30 p.m. daily, and he had not recently taken any time off work.

Special Agent Jeff Shackelford, the director of forensic services for the Arkansas Attorney General's Office, testified as an expert in computer-forensic analysis. He testified that only the Sony computer contained images of child pornography. The Sony also contained pictures of Steele, email accounts, and browser history, including website information for Steele's son's elementary school, which was last accessed on May 27, 2011. Shackelford stated that he found nearly one hundred files of suspected child pornography.

Gail Drobena, the senior human resources manager at Mercy Hospital in Hot Springs where Steele was employed, testified to relevant dates and times in 2010 and 2011 from timesheets showing when Steele had clocked in and out at work. Shackelford testified that he compared Steele's timesheets with the dates and times that the ninety-eight files of child pornography were created and last accessed and that not a single folder had been opened at a time when Steele was confirmed to have been at work.

Angela Arbuckle, Steele's ex-wife, testified that Steele had full custody of their son. She stated that she had a key to Steele's house and she knew the password for the Sony computer. Arbuckle also testified that, unbeknownst to Steele, she had taken her boyfriend and an acquaintance to Steele's home and allowed them access to the Sony computer while Steele was at work.

Steele took the stand in his own defense. He testified that he had no knowledge as to how the child pornography got on his Sony computer. According to Steele, Shareaza—the peer-to-peer sharing network—was installed by someone other than himself and was used only for downloading music. Steele testified that since 2005, "literally tons" of people had access to his Sony computer.

The jury found Steele guilty of twenty counts of possessing or viewing matter depicting sexually explicit conduct involving a child. The jury sentenced Steele, on two counts, to the maximum sentence of 10 years' imprisonment and a $10,000 fine. On each of the remaining eighteen counts, the jury sentenced Steele to 8 years and a $2,000 fine. The circuit court ordered the sentences to run consecutively for an aggregate term of 164 years' imprisonment and a fine totaling $56,000. Steele filed a direct appeal challenging his convictions. On direct appeal, Steele challenged the sufficiency of the evidence, argued that the circuit court erred in permitting reference to his possession of other pornographic images for which he was not charged, and challenged his sentences. Steele's convictions and sentences were affirmed. *See Steele*, 2014 Ark. App. 257, 434 S.W.3d 424.

Thereafter, Steele filed a timely postconviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1. In his petition, Steele argued the following: (1) his trial counsel was ineffective due to his failure to obtain adequate and independent testing of the computers seized from Steele's residence; (2) his trial counsel was ineffective in failing to sufficiently assert the identity of another individual who was more likely to have downloaded the child pornography; and (3) trial counsel was ineffective by failing to object to a version of the offense not charged. Steele also requested that the circuit court judge recuse himself from hearing the petition, asserting that the judge could not be fair. Steele's postconviction petition was denied, and he filed a timely notice of appeal. This appeal followed.

## II. *Standard of Review*

We will not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *McClure v. State*, 2024 Ark. App. 487, 698 S.W.3d 698. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* In reviewing a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, we look to whether the circuit court clearly erred on the basis of the totality of the evidence. *Id.*

## III. *Discussion*

Steele's sole argument on appeal is that his trial counsel was ineffective for failing to object to witness testimony and statements made during closing argument regarding a version of the offense not charged; therefore, the circuit court erred by denying his Rule 37

4

petition. Specifically, Steele maintains his trial counsel failed to make a meritorious objection to testimony and statements made by the prosecutor during closing argument regarding the distribution of child pornography because he was only charged with possessing and viewing matter depicting sexually explicit conduct involving a child. We disagree.

The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626. We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984); *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6. Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.* A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39.

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed

from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Here, Steele identifies three instances, as he did in his Rule 37 petition, where distribution was mentioned—twice in the guilt phase and once during sentencing. First, Steele points to the testimony of Agent Baxter. Baxter explained how he was able to download child pornography from Steele's computer using a peer-to-peer file-sharing program. Baxter was asked, "So that computer would actually distribute that pornography to you?" He replied, "Correct." Next, Steele argues that his trial counsel was ineffective for not objecting to Agent Shackelford's testimony regarding the sharing and receiving capabilities of Steele's computer. Finally, Steele contends that his trial counsel was ineffective for failing to object to certain statements during sentencing made by the prosector in closing argument wherein he asked the jury to consider that Steele "perpetuated, furthered, distributed, was willing to let this out for other people to have access to" and "distributed some to an investigator."

At the Rule 37 hearing, Steele called his trial counsel, Louis Loyd, to the stand to inquire into his reasoning for not objecting to the distribution references outlined above. Loyd acknowledged that the prosecutor used language referencing the distribution of child

6

pornography and that Steele had been charged only with possessing such material. Loyd, however, did not offer any strategic reason for not objecting; rather, he stated that he was "focused on the second element of possessing."

In its order denying Steele's Rule 37 petition, the circuit court held that the testimony given by Baxter and Shackleford was "necessary to explain how the investigation proceeded and the reason the police had contact with [Steele]." The court also held that the testimony was admissible under Rule 404(b) of the Arkansas Rules of Evidence to show knowledge, intent, and absence of mistake because the strategy of the defense was to argue that several individuals had access to the computer; thus, the State failed to prove Steele knowingly possessed the child pornography. Moreover, testimony that child pornography was downloaded from Steele's computer during a time period that he was not at work, the court held, was relevant to prove Steele knowingly possessed the illegal material. Nonetheless, the circuit court found that even if the testimony in question was inadmissible, Steele failed to show with a reasonable probability that, but for counsel's error, the result would have been different. Accordingly, the circuit court held it was convinced the result would have been the same because the State put forth sufficient evidence to support the convictions.

It is well established that a petitioner who raises a failure-to-object argument in a Rule 37 petition must show that there was a basis for a meritorious objection because failure to make a meritless objection is not ineffective assistance of counsel. *See Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646. Our supreme court has held that the State can introduce evidence showing all the circumstances surrounding the charged act because it provides context to the

7

crime and places the jury in possession of the entire transaction. *See Smith v. State*, 2025 Ark. 26, 708 S.W.3d 336. We agree that the testimony was relevant to explain how Baxter was able to obtain the files from Steele's computer and to describe how the investigation into Steele began. Therefore, because an objection to this testimony would have been meritless, Steele cannot demonstrate ineffective assistance of counsel, and the circuit court's denial on this basis was not clearly erroneous.

We also agree with the circuit court that Steele's claim regarding the prosecutor's statements during closing argument, and his trial counsel's failure to object thereto, does not constitute ineffective assistance of counsel. After the jury found Steele guilty, the prosecutor argued, in part, during closing:

> So I want you to consider what they went through, consider why he possessed this, consider he perpetuated, furthered, distributed, was willing to let this out for other people to have access to this horrific, these horrific videos by participating in that file sharing program. He distributed some to an investigator. Who else? That's what he had on his computer. That's the gravity of what was going on, and that's what I'm asking you to consider.

Steele maintains on appeal that the statements were misleading "because the prosecution evidence was that Baxter had retrieved it from Steele's computer, not that Steele had actively sent it to him." We disagree because the prosecutor's statements were directly reflective of, and inferable, from the trial testimony.

Testimony at trial explained that Steele participated in a shareable peer-to-peer program that was readily available to anyone with the same file-sharing program, and that is how Baxter obtained the images of child pornography from Steele's computer. As discussed

above, both Baxter and Shackleford explained at trial how the images were obtained from Steele's computer. Every plausible inference may be argued in closing; accordingly, any objection made by Steele's counsel to the statements above would have been meritless. *See Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922.

Furthermore, while this court need not address the second-prong of *Strickland*—because Steele failed to show that his trial counsel's performance was deficient—we agree with the circuit court that Steele also failed to prove any prejudice depriving him of a fair trial. On appeal, Steele speculates that "a reasonable person would agree that actively distributing—i.e. sending the material to others—is graver misconduct than merely possessing the material and that this discrepancy affected the assessed punishment even though the punishment was within the legal range." However, conclusory statements will not suffice. *See Chandler v. State*, 2025 Ark. App. 566, 725 S.W.3d 822. Furthermore, as Steele acknowledges, the statute under which he was charged and convicted is titled "Distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child," and the punishment for distributing, possessing, or viewing is the same. *See* Ark. Code Ann. § 5-27-602 (Supp. 2025). Finally, Steele was sentenced within the statutory range and short of the maximum; thus, he cannot establish prejudice from the admission of evidence at sentencing. *See Woolems v. State*, 2024 Ark. App. 380, 690 S.W.3d 893.

IV. *Conclusion*

For the above-stated reasons, we affirm the circuit court's denial of Steele's postconviction petition.

Affirmed.

VIRDEN and THYER, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.